UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**AMERICAN TRANSIT INSURANCE COMPANY,**

Plaintiff,

– against –

**RIGHT CHOICE PHARMACY, INC., FLORINA FARBER, JOHN DOES 1 THROUGH 5,** and **ABC CORPORATIONS 1 THROUGH 5,**

Defendants.

---

**MEMORANDUM AND ORDER**

25-CV-3925 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

On July 15, 2025, the plaintiff filed this action against the defendants Right Choice Pharmacy Inc., Florina Farber, John Does 1–5, and ABC Corporations 1–5. (ECF No. 1.) Before the Court is the defendants' motion to dismiss. (ECF No. 19.) For the reasons explained below, the motion is denied.

## BACKGROUND

The plaintiff is an auto insurer that participates in New York State's No-Fault insurance program. (ECF No. 1 ¶ 63.) The plaintiff alleges that beginning in 2012, Right Choice Pharmacy — which bills for No-Fault Program participants' prescriptions — and Right Choice's owner, Farber, entered into illegal kickback agreements with No-Fault clinics and "unlicensed laypersons who work at or are associated with" the clinics to "prescribe[] expensive, preformulated topical pain creams, gels, lotions, ointments, and patches dispensed in and billed in exorbitant prices." (*Id.* ¶¶ 4–5.) According to the plaintiff, these medications were

"specifically targeted for their high profit margins" and were prescribed "irrespective of medical necessity" (*id.* ¶ 6), and the defendants conspired together in an extensive scheme to submit hundreds of false and/or fraudulent no-fault insurance claims to the plaintiff (*id.* ¶ 3).

The plaintiff filed this action against Right Choice, Farber, John Does 1–5, and ABC Corporations 1–5, bringing claims under: (1) RICO, 18 U.S.C. § 1962(c); (2) common law fraud; (3) unjust enrichment; and (4) 28 U.S.C. § 2201, seeking declaratory judgment that it is not obligated to pay any of Right Choice's "pending, previously-denied and/or submitted unpaid claims." (ECF No. 1 ¶¶ 210–249.) On March 2, 2026, Right Choice and Farber moved to dismiss the complaint, "pursuant to Fed. R. Civ. P. 8(a), 9(b), 12(b)(1),[1] (3) and (6)," and, in the alternative, moved to compel arbitration. (ECF No. 19 at 7.)[2]

## LEGAL STANDARD

### I. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court accepts as true factual allegations made in the complaint and draws all reasonable inferences in favor of the plaintiff.

[1] The defendants move to dismiss under Rule 12(b)(1), but do not explain why it applies. Accordingly, the Court does not consider whether the complaint should be dismissed pursuant to Rule 12(b)(1).

[2] On October 8, 2026, the Court granted the plaintiff's motion for a preliminary injunction, finding that there were serious questions on the merits, a balance of hardships favoring the plaintiff, and a risk of irreparable harm. (ECF No. 30.) The Court denied the plaintiff's motion for a temporary restraining order as moot. (*Id.*)

*Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"[I]n addition to the facts alleged in the complaint, the court may also consider documents that are appended to the complaint, incorporated in the complaint by reference, or integral to the complaint, as well as matters of which judicial notice may be taken." *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 188 (E.D.N.Y. 2024); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

## II. Rule 12(b)(3)

"When considering a motion to dismiss for improper venue under Rule 12(b)(3), 'the plaintiff need only make a prima facie showing of venue.'" *Ocampo v. Islam*, No. 24-CV-7563, 2026 WL 867152, at *2 (S.D.N.Y. Mar. 30, 2026) (quoting *Dash v. Bank of Am. Corp.*, No. 18-CV-4807, 2019 WL 1780140, at *4 (S.D.N.Y. Apr. 23, 2019)). "The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion." *Blauschild v. Tudor*, 31 F. Supp. 3d 527, 531 (E.D.N.Y. 2014) (citing *Cold Spring Harbor Lab'y v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011)). "In determining whether venue is proper, the court must view all facts in the light most favorable to the plaintiff." *Id.* Moreover, "the Court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005) (citation omitted).

## III. Rules 8(a) and 9(b)

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8(a)(2)). "This liberal pleading standard is modified by Rule 9(b), which requires a plaintiff asserting fraud claims to meet a heightened pleading standard." *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 344 (E.D.N.Y. 2014). "[A] plaintiff asserting fraud must 'state with particularity the circumstances constituting fraud or mistake.'" *Id.* (quoting Fed. R. Civ. P. 9(b)).

"In determining the adequacy of Plaintiffs' fraud pleadings under these various requirements," the Court "view[s] the alleged facts in their totality, not in isolation." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). "[T]he Court must balance the requirements of Rule 9(b) and their overall purposes with the requirements of notice pleading under Rule 8(a)." *McCormack v. IBM*, 145 F. Supp. 3d 258, 269 (S.D.N.Y. 2015) (citing *Schwartzco Enters*, 60 F. Supp. 3d at 344).

## DISCUSSION

## I. Documents Considered

The defendants attach two affirmations and six exhibits to their motion. (*See* ECF Nos. 19, 21.) The Court considers the blank "NF-3 form," which is submitted with reimbursement requests (ECF No. 19-3), because it is incorporated by reference in the complaint (*see, e.g.*, ECF No. 1 ¶¶ 13, 28). The Court also takes judicial notice of the photocopy of a $47,000 check from Right Choice to the plaintiff, because the plaintiff does not dispute its authenticity. (*See* ECF No. 21-2.) *See Pearson Cap. Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 401

(S.D.N.Y. 2015). However, the Court considers the check only to the extent it establishes that a check was made out from Right Choice to the plaintiff, not whether it was an offer of settlement or admission of the facts alleged in the complaint. *Cf. Interiano v. Arch Specialty Ins. Co.*, 723 F. Supp. 3d 147, 157 (E.D.N.Y. 2024) (considering affirmation to establish the fact of other litigation and related filings and not for the truth of the matters asserted in the litigation).

The Court declines to consider other documents attached to the defendants' motion. If the Court were to consider, for example, defendant Florina Farber's affirmation — in which, among other things, Farber claims that Right Choice sent the check to the plaintiff as part of a settlement — the Court would have to treat the motion as a summary judgment motion, and the parties would be entitled to a "reasonable opportunity to present all material made pertinent to such a motion." *TileBar*, 723 F. Supp. 3d at 188 (citation omitted). "Conversion to a summary judgment motion is generally not appropriate unless the parties have had 'the opportunity to conduct appropriate discovery and submit additional supporting materials.'" *LM Ins. Corp. v. James River Ins. Co.*, No. 22-CV-7472, 2023 WL 5509264, at *3 (S.D.N.Y. Aug. 25, 2023) (quoting *Korova Milk Bar of White Plains, Inc. v. PRE Props., LLC*, No. 11-CV-3327, 2013 WL 417406, at *6 (S.D.N.Y. Feb. 4, 2013)). Moreover, "[f]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." *Hoy v. Inc. Vill. of Bayville*, 765 F. Supp. 2d 158, 164 (E.D.N.Y. 2011) (citation omitted).

## II. Sufficiency of Fraud Allegations

### a. Misrepresentation of Fact

"Under New York law, to state a claim for fraud, a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Schwartzco Enters*, 60 F. Supp. 3d at 344 (citing *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001)).

The defendants claim that the complaint fails to adequately allege a misrepresentation of fact. (*See* ECF No. 19-1 at 11.) They concede that the complaint includes five affirmative misrepresentations to support the fraud claim, but, citing the contents of the NF-3 form, maintain that "[n]one of these purported misrepresentations or omission was actually made," because "[t]here is no place on the form" to do so. (*See* ECF No. 19-1 at 11–13.) The complaint alleges that the defendants submitted fraudulent NF-3 forms and sought reimbursements for illegitimate, unnecessary prescriptions. (*See, e.g.*, ECF No. 1 ¶¶ 28, 230.) The defendants' denials that they made the alleged misrepresentations are factual disputes that cannot be resolved at this stage of the litigation.

### b. Rule 9(b) and Requisite Specificity

Rule 9(b) requires a complaint alleging fraud to specify "'the time, place, speaker, and content of the alleged misrepresentations;' how the misrepresentations were fraudulent; and the details that 'give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" *Schwartzco Enters*, 60 F. Supp. 3d at 344 (quoting *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013)). The defendants claim that the complaint is deficient because the plaintiff did not allege "the name(s) of the

corporate representatives who 'knew' of the alleged scheme, and something about how they came to acquire this knowledge," nor did it cite "specific evidence showing that an officer or director of the Pharmacy was complicit in even one kickback." (ECF No. 19-1 at 16.)

Rule 9(b) does not require the plaintiff to name a particular person, or even an individual entity; on the contrary, allegations are sufficient if they "inform each defendant of the nature of [its] alleged participation in the fraud." *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 172 (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)). Nor is the plaintiff required to plead knowledge and scienter in minute detail; it is enough to establish a "strong inference" of fraud "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C.*, 589 F. Supp. 2d 221, 236–37 (E.D.N.Y. 2008) (citation omitted). "In complex civil RICO actions . . . Rule 9(b) does not require that the temporal geographic particulars of each mailing or wire transmission made in furtherance of the fraudulent scheme be stated with particularity;" "[i]n such cases, Rule 9(b) requires only that the plaintiff delineate, with adequate particularity in the body of the complaint, the specific circumstances constituting the overall fraudulent scheme." *In re Sumitomo Copper Litig.*, 995 F. Supp. 451, 456 (S.D.N.Y. 1998).

The complaint meets this standard. It alleges that Right Choice and providers at No-Fault clinics worked together to prescribe and dispense certain topical pain medications to car accident patients pursuant to a pre-determined course of treatment and without regard to "genuine patient care." (*See, e.g.*, ECF No. 1 ¶ 141.) The complaint states that the clinic providers, pursuant to "kickback or other financial arrangements" with the defendants, prescribed expensive topical

medications because of their high profit margins, and that the defendants billed those medications to the plaintiff at exorbitant prices despite the availability of lower cost over-the-counter alternatives. (*See, e.g.*, *id.* ¶¶ 73, 194.) The complaint describes instances in which Right Choice dispensed topical pain medications with other pain medications to specific patients, and then billed the plaintiff, even though medical evaluation reports for those patients did not indicate the medications were necessary. (*See, e.g.*, ECF No. 1 ¶ 134 (comparing specific medical evaluation reports with the prescriptions billed by Right Choice).) The plaintiff further alleges that the defendants billed the plaintiff for reimbursement to which the defendants were not entitled under the No-Fault law and its implementing regulations. (*See, e.g.*, *id.* ¶ 178.) Under these circumstances, the plaintiff's allegations give rise to a strong inference of fraud, and are sufficiently specific to withstand a motion to dismiss.

**c. Allegations Involving Defendant Farber**

Although the defendants quote from at least 22 paragraphs in which the plaintiff describes Florina Farber's conduct, they nevertheless maintain that the complaint alleges "precious little" about that conduct; they say that "nowhere is it alleged how Farber may have formed a conspiratorial agreement with the John Doe Defendants, when and where this occurred, and what the terms of the alleged agreement were." (ECF No. 19-1 at 19.) In fact, the complaint details Farber's personal involvement in the scheme to defraud the plaintiff. It alleges that as owner and manager of Right Choice Pharmacy, she billed for prescriptions that she knew were fraudulent and dispensed unnecessary medications. (*See, e.g.*, ECF No. 1 ¶¶ 54–55, 73–75.)

Some of the plaintiff's allegations involving Farber are based "on information and belief," which is generally disfavored. *Trib. Co. v. Purcigliotti*, 869 F. Supp. 1076, 1090 (S.D.N.Y. 1994). "However, where 'much of the factual information needed to fill out plaintiff's

complaint lies peculiarly within the opposing parties' knowledge,' as is often the case where fraud is involved, 'the general rule disfavoring allegations founded upon belief ought not to be rigidly enforced.'" *Id.* (quoting *DiVittorio*, 822 F.2d at 1248). "Information and belief pleading can be supported by facts that raise an inference of fraudulent conduct." *Id.* The plaintiff has made sufficient factual allegations to support the allegations based on information and belief. For example, the plaintiff alleges that the "generic, boilerplate examination reports were pre-printed and routinely contained" pre-determined topical pain medications to be prescribed, "irrespective of medical necessity," because those medications have high profit margins. (ECF No. 1 ¶¶ 80, 116.) In addition, the plaintiff alleges that topical pain medications accounted for approximately 98% of Right Choice's bill to the plaintiff, and that the "vast majority" of the prescriptions came from a few physicians and/or practices. (*Id.* ¶¶ 114, 117.) Nothing more is necessary at this stage of the litigation.

"The question on a motion to dismiss 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Interiano*, 723 F. Supp. 3d at 155 (quoting *LM Ins. Corp.*, 2023 WL 5509264, at *3). The allegations in this case are sufficient.

**d. Allegations Against Doe Defendants**

The defendants argue that the John Doe defendants should be dismissed because the defendants cannot identify them. "To properly plead the actions of John Doe defendants, a complaint must provide a 'sufficient factual basis to allow the defendants to successfully identify the John Doe defendants and prepare for a defense.'" *Regeda v. City of New York*, No. 09-CV-5427, 2012 WL 7157703, at *8 (E.D.N.Y. Sept. 7, 2012) (citing *Barreto v. Cnty. of Suffolk*, 762 F. Supp. 2d 482, 487 (E.D.N.Y. 2010)), *report and recommendation adopted*, No. 09-CV-5427,

2013 WL 619567 (E.D.N.Y. Feb. 19, 2013). The plaintiff alleges that "Defendants, through the Clinic Controllers" — defined in the complaint as "unlicensed laypersons who work at or are associated with" No-fault clinics in the New York metropolitan area — "induced [healthcare practitioners] to prescribe . . . targeted, exorbitantly priced medications . . . without regard to genuine patient care, and directed large volumes of these prescriptions to Right Choice." (ECF No. 1 ¶¶ 10, 4.) The complaint includes examples of medical providers — including corporations and individuals — who wrote the allegedly fraudulent prescriptions for which the defendants submitted claims to the plaintiff for reimbursement. (*See, e.g.*, *id.* ¶¶ 118, 119.) These allegations are sufficient for Right Choice and Farber to investigate the alleged acts and determine which individuals were involved, if any. Accordingly, there is no basis to dismiss the Doe defendants at this time.

## III. Unjust Enrichment Claim

"In order to state a claim for unjust enrichment, 'plaintiff must establish 1) that the defendant benefitted; 2) at plaintiff's expense; and 3) that 'equity and good conscience' require restitution.'" *State Farm Mut. Auto. Ins. Co.*, 589 F. Supp. 2d at 236 (quoting *Kaye v. Grossman,* 202 F.3d 611, 616 (2d Cir. 2000)). The defendants argue that this claim fails because it is "is based entirely upon the allegations that support the RICO and common law violations" and therefore is duplicative of those claims. (ECF No. 19-1 at 24.)

"When, as here, a plaintiff alleges an unjust enrichment claim and a fraud claim, . . . the unjust enrichment claim may be found to be 'duplicative' of the fraud claim if based on the same factual predicates." *Gov't Emps. Ins. Co. v. Patel*, No. 23-CV-2835, 2026 WL 2924401, at *12 (E.D.N.Y. Sept. 29, 2026). However, "[a] claim is alternative and not duplicative if a plaintiff may fail on one but still prevail on another." *In re Skat Tax Refund Scheme Litig.*, 356 F. Supp.

3d 300, 325 (S.D.N.Y. 2019). Although the plaintiff's fraud and unjust enrichment claims arise out of the same set of facts, "the elements of a fraud claim and an unjust enrichment claim differ." *United States f/u/b/o Schindler Elevator Corp. v. Philadelphia Indem. Ins. Co.*, No. 24-CV-3108, 2025 WL 1992969, at *5 (S.D.N.Y. July 16, 2025). "Notably, a fraud claim requires an intent to defraud while an unjust enrichment claim does not." *Id.* In this case, the plaintiff could succeed on its unjust enrichment claim but fail on other claims. Therefore, the unjust enrichment claim is not duplicative of the plaintiff's other claims.

## IV. Declaratory Judgment Claim

The defendants ask the Court to exercise its discretion to dismiss the declaratory judgment claim because there is pending state court litigation between the parties. (ECF No. 19-1 at 24.) "Under the *Wilton* test, to avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 104 (2d Cir. 2012) (citation modified). However, "*Wilton* does not apply where, as here, a plaintiff does not seek purely declaratory relief, but also . . . seeks damages caused by the defendant's conduct." *Id.* (citations omitted); *see also Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013).

On October 8, 2026, the Court stayed proceedings in arbitration and state court pending the outcome of the declaratory judgment claim in this action. (ECF No. 30.) As a result, there are no pending proceedings that would resolve the controversies until the declaratory judgment claim is resolved. Moreover, the plaintiff seeks damages under RICO, in addition to a declaratory judgment that it "has no obligation to pay any of Right Choice's unpaid claims for

Topical Pain Pharmaceuticals and/or select oral medications, whether pending, previously-denied and/or submitted, regardless of whether such unpaid claims were ever denied, and regardless of the purported dates of service." (ECF No. 1 at 65.) Accordingly, *Wilton* does not apply, and the motion to dismiss this claim is denied.

## V. Compulsory Arbitration

The defendants argue in the alternative that the action must be compelled to arbitration. (ECF No. 19-1 at 25–26.) The plaintiff argues that its claims are exempt from compulsory arbitration under the "effective vindication" exception to the Federal Arbitration Act. (ECF No. 23 at 26–28.) As the Court explained in granting the plaintiff's motion for a preliminary injunction, No-Fault RICO fraud cases like this one are exempt from compulsory arbitration. (ECF No. 30 at 5.) Accordingly, the Court denies the defendants' alternative request to compel the action to arbitration.

## VI. Matter Has Been Settled

Finally, the defendants argue that this matter was settled when the plaintiff accepted the defendants' check. (ECF No. 19-1 at 27–28.) The plaintiff denies this claim and contends that the check was a "courtesy refund," not the product of a settlement. (ECF No. 23 at 28–29.) This is a factual dispute. Accordingly, the Court declines to dismiss the action on these grounds.

## CONCLUSION

For these reasons, the defendants' motion to dismiss is denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 24, 2026